UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VLADIMIR NOVIKOV,

      Petitioner,

      v.

KRISTI NOEM, et al.,

      Respondents.

No.  1:26-cv-01120 DC SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that immigration officials granted petitioner humanitarian parole into the United States on November 30, 2022, pursuant to 8 U.S.C. § 1182(d)(5)(A), premised upon a finding that he was not dangerous or a flight risk.  ECF No. 1-3.  While on release, petitioner did not commit any crimes and complied with conditions of release.  Because petitioner's order of removal, which he received on January 9, 2026, after the filing of this petition, was appealed to the BIA on February 5, 2026, it is not administratively final and therefore the removal period has not yet begun.[1]  See 8 U.S.C. § 1231(a)(1)(B)(i).

---

[1]  The undersigned takes judicial notice of petitioner's Executive Office for Immigration Review case information.  See Fed. R. Evid. 201(b)-(c) (a court "may take judicial notice on its own" of

1

Considering all these factors, and consistent with the court's ruling in D. L.C. v. Wofford, No. 1:25-cv-1996 DC JDP (HC), 2026 WL 25511 (E.D. Cal. Jan. 5, 2026), the undersigned finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-detention without notice or hearing after an immigration hearing on June 30, 2025.[2]  The undersigned further rejects respondents' invitation to adopt the reasoning in Buenrostro-Mendez v. Bondi, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), for the same reasons articulated in Burgos Lopez v. Cruz, No. 1:26-cv-0514 DAD SCR, 2026 WL 392346, at *3 (E.D. Cal. Feb. 12, 2026).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on count 2 (violation of due process).

2.      Respondents be ordered to release petitioner immediately with the same conditions he was subject to immediately prior to his detention on June 30, 2025.

3.      Respondents be ordered to file a Notice of Compliance within two days of any order adopting these findings and recommendations confirming that petitioner has been released from custody.  Such notice shall note the exact terms of petitioner's ongoing conditions of supervision.

4.      Should respondents seek to re-detain petitioner prior to start of the removal period, 8 U.S.C. § 1231(a)(1)(B), they be ordered to provide no less than seven (7) days' notice to petitioner and hold a pre-deprivation bond hearing before a neutral arbiter, at which petitioner's eligibility for bond must be considered; and

5.      The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

////

---

facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[2]  In the interests of judicial economy, petitioner's remaining claim in the § 2241 petition is not addressed herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 24, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE