UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR NOVIKOV,<br><br>  Petitioner,<br><br>  v.<br><br>KRISTI NOEM, et al.,<br><br>  Respondents. | No. 1:26-cv-01120-DC-SCR (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 9) |

Petitioner is a federal immigration detainee proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 25, 2026, the magistrate judge filed findings and recommendations which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 9.  Petitioner filed a statement of non-objection.  ECF No. 10.  Respondent filed objections on two grounds: (1) to the extent that the magistrate judge found that Respondents violated any statute or regulations, or violated Petitioner's due process rights, Respondents object for the reasons set forth in Respondents' previous briefing; and (2) to the extent that the magistrate judge recommends a permanent injunction enjoining the government from re-detaining Petitioner for the sole purpose of executing a final order of removal, Respondents object because such detention is mandatory

1

under 8 U.S.C.§ 1231. ECF No. 11 at 1-2. As to the first objection, Respondents' arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' first objection does not provide a basis upon which to reject the findings and recommendations.

As for Respondents' second objection, the injunction that will be issued by the court in this order does not conflict with 8 U.S.C.§ 1231 because the court will clarify that this order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 9) are ADOPTED;
2. Petitioner's application for a writ of habeas corpus (ECF No. 1) is GRANTED on count 2 (violation of due process);

3. Respondents shall release Petitioner immediately with the same conditions he was subject to immediately prior to his detention on June 30, 2025;

4. Should respondents seek to re-detain petitioner prior to start of the removal period, 8 U.S.C. § 1231(a)(1)(B), they must provide no less than seven (7) days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered;

5. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal; and

6. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: __March 3, 2026__

_____
Dena Coggins
United States District Judge